

OCT 0 5 2012

CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>-vs-<br><br>DUSTIN SWIMMER,<br>Defendant. | CR 12-10015 and CR 12-10039<br><br>REPORT AND RECOMMENDATION<br>ON DEFENDANT'S<br>MOTION TO SUPPRESS EVIDENCE |

## INTRODUCTION

Defendant Dustin Swimmer (hereinafter Swimmer) is charged by indictment with Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance (CR 12-10015) and Possession with Intent to Distribute a Controlled Substance (CR 12-10039). Swimmer moved the Court to suppress evidence of his statements made during three interviews by law enforcement officers. The motion was referred to this magistrate judge for a report and recommendation to the district court pursuant to the Standing Order of District Judge Charles B. Kornmann dated April 10, 2009 and 28 U.S.C. § 636(b)(1)(B).

An evidentiary hearing was held on the motion on August 7, 2012. The United States appeared through Assistant United States Attorney Jay Miller. Swimmer appeared personally and with his attorney Douglas G. Fosheim. Evidence was presented by way of testimony, recordings of the interviews,[1] and a copy of the Advice of Rights signed by Swimmer on March 7, 2012 (the third interview). Swimmer did not testify.

Swimmer raises three interrelated issues. First, were his statements obtained involuntarily? Second, was there a *Miranda* violation? Third, should the statements be suppressed because Swimmer was intoxicated when questioned?

The law related to each of these questions is summarized as follows:

---

[1]Defendant Swimmer correctly argues that the Government bears the burden to demonstrate the voluntariness of statements. The fact that the interviews were recorded assists the Government in meeting its burden.

The Fifth Amendment to the United States Constitution provides that "[N]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V.

A person questioned by law enforcement officers after being "taken into custody or otherwise deprived of his freedom of action in any significant way" must first "be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Miranda v. Arizona*, 384 U.S. 436, 444 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Whether Swimmer was in custody is determined from an examination of any physical or psychological restraints placed upon him. The determination is made from an objective standpoint considering the totality of the circumstances at the time of the questioning. Ultimately, the Court must determine if Swimmer's freedom of action was curtailed to a degree associated with a formal arrest. *United States v. Griffin*, 922 F.2d 1343, 1347 (8th Cir. 1990). The relevant inquiry is "whether a reasonable person in the *defendant's position* would have considered his freedom of action restricted to the degree associated with a formal arrest." *United States v. LeBrun*, 363 F.3d 715, 723 (8th Cir. 2004).

*Griffin*, at pages 1348 and 1349 outlines factors this Court is to consider in determining whether Swimmer was in custody. The factors include whether he was free to leave the scene of the interrogation, and the purpose, place and length of the interrogation. *Griffin* went on to list the following six "indicia of custody": (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning. These "Griffin factors" are nonexclusive. *United States v. Perrin*, 659 F.3d 718, 720 (8th Cir. 2011).

### The First Interview

On December 29, 2011, Swimmer was interviewed at his home by Officer Harmon. Officer Harmon went to Swimmer's home at Swimmer's request to investigate a separate offense. Someone had shot a gun at Swimmer's home and bullets were found in an interior

wall. During their conversation, Swimmer was able to relate the details of a gun being shot and bullets entering Swimmer's home. Swimmer did not make any statements that indicated he was in any way guilty of the charges pending against him.

Swimmer was not arrested and his freedom of movement was not restricted in any manner. No strong arm tactics were used and the atmosphere was not police dominated. Swimmer was not placed under arrest at the termination of the questioning.

The officer did not believe Swimmer was intoxicated. A review of the recording of the conversation shows that Swimmer was able to clearly relate the details of a shooting at his home and was able to respond to questions about the shooting incident without difficulty.

The first interview was voluntary and non-custodial. No evidence was presented to indicate Swimmer was intoxicated to the point that his will was overborne. Any statement obtained during the first interview should not be suppressed.

## The Second Interview

The second interview was conducted by BIA Agent Gerald White, Jr. in the agent's vehicle on December 30, 2011. Agent David Lawrence was also present. Swimmer was told at the beginning of the interview that he was not going to be arrested and Swimmer was not arrested during or at the conclusion of the interview. Swimmer was also told that he was free to leave at any time.

Swimmer stayed in the vehicle and answered questions even after being told he could leave.

Swimmer was not told that he could consult with an attorney.

Swimmer was told that cooperation would be in his best interest and that it was important that he talk to the officers. During the interview, Swimmer provided a detailed statement of drug activity including names and types of drugs.

Agent White did not feel that Swimmer was intoxicated and a review of the recording of the conversation shows that Swimmer was able to clearly provide information and respond to the agents' questions. Swimmer even made statements to the effect that he knew his statement could be used in Court and that he was familiar with interview techniques of the agents. There is no indication that Swimmer was intoxicated to the point that his will was overborne.

The second interview was voluntary and non-custodial. No evidence was presented to indicate Swimmer was intoxicated to the point that his will was overborne. Any statement obtained during the second interview should not be suppressed.

## The Third Interview

The third interview was conducted by Agent White and Agent Coulter in a custodial interrogation conducted on March 7, 2012 conducted in a police interrogation room. Swimmer remembered Agent White from the previous interview. Agent Coulter read *Miranda* warnings from a sheet of paper. Swimmer acknowledged that he understood each right and signed the form. A copy of the form is attached to this Report. Swimmer knew the previous interview with Agent White was about the same criminal conduct.

Swimmer gave details about his involvement in drug transactions. He was also able to provide names of others involved in drug activity as well as times and places of specific events.

In short, there is no indication that Swimmer was intoxicated. His thinking and speech were clear. He was able to relate details of events. Further, there is no indication that the information was obtained in violation of Defendant's Constitutional rights. The statements given by Defendant Swimmer during the third interview were voluntary and admissible.

## CONCLUSION

For all the reasons set forth herein it is respectfully recommended to the District Court that Defendant's Motion to Suppress Evidence be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b )(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *See, Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990) *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

Dated October **5**, 2012 at Aberdeen, South Dakota.

William D. Gerdes
US Magistrate Judge



GOVERNMENT EXHIBIT

4

## ADVICE OF RIGHTS

Place __MOB-1dea , SD__
Date __3-7-2012__
Time __1249 pm__

### YOUR RIGHTS

Before we ask you any questions, you must understand your rights.

You have the right to remain silent.

Anything you say can be used against you in court.

You have the right to talk to a lawyer for advice before we ask you any questions.

You have the right to have a lawyer with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you have the right to stop answering at any time.

I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present.

Signed X _[signature]_

Witness: _T.C. FBI_

Witness: _[signature] BIA/DA_

Time: __1251 pm__