UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 12-10015 |
|  | * | CR 12-10039 |
| Plaintiff, | * |  |
|  | * | ORDER AND OPINION ADOPTING |
| -vs- | * | REPORT AND RECOMMENDATION |
|  | * |  |
| DUSTIN SWIMMER, | * |  |
|  | * |  |
| Defendant. | * |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Defendant is charged in CR 12-10015 with conspiring with Marco Uribe, Jose Manuel Barcia, a/k/a "Ivan, Amber Long Chase, Nathan Martin, Andrew Kills Crow, and Anthony Brown Otter to possess with intent to distribute cocaine and methamphetamine between October 1, 2001 and December 28, 2011. He is charged in CR 12-10039 with conspiring with Clementine Swimmer, Francis DuBray and Theresa Cadotte to possess with intent to distribute cocaine between December 23 and December 28, 2011. He has filed motions to suppress statements he made on December 20, 2011, and March 7, 2012, on the grounds that his statements were not voluntary and were taken in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The motions came on for hearing before the Honorable William D. Gerdes on August 7, 2012, with the government appearing by Assistant U.S. Attorney Jay Miller and the defendant appearing in person and with his attorney, Douglas G. Fosheim.

Magistrate Gerdes issued his report and recommendation on October 5, 2012. The magistrate recommended that the motions to suppress as to both statements be denied.

The defendant filed objections. The Court has conducted a *de novo* review of the record. Audio and video recordings of the statements were received into evidence at the motions hearing.

## BACKGROUND

On December 28, 2011, gun shots were fired into the residence of defendant and Theresa Cadotte. Tribal police officer Harmon made contact with the defendant and took a witness statement from him. Officer Harmon testified at the suppression hearing that, based upon his observations and experience, defendant was not intoxicated at that time. A video recording was made of that witness interview. Defendant was articulate and forthcoming during that interview. He told Officer Harmon that the person involved in shooting at his residence was named "Ivan" and that he had received information that the shots were fired because Ivan thought the defendant had stolen drugs from Ivan.

On December 30, 2011, BIA Special Agent Gerald White, Jr., interviewed the defendant in White's vehicle outside defendant's residence. BIA Special Agent David Lawrence was also present during the interview. The purpose of the interview was to investigate the assault upon another person, which assault was alleged to have been in retaliation for stealing drugs. White testified at the suppression hearing that, based upon his observations and experience, defendant was not intoxicated as the result of the use of alcohol or drugs at that time. White testified that the defendant was somber. An audio recording (38 minutes) was made of that interview. I agree with White's description of defendant's demeanor. Defendant was reluctant during that interview.

On March 7, 2012, defendant was interviewed by FBI Special Agent Coulter. Agent White was also present. Defendant was in custody at the Mobridge, South Dakota, police department following his arrest on the indictment in CR 12-10015. A video recording was made of that interview (99 minutes). Defendant was advised of his Miranda rights prior to questioning.

2

## DECISION

### A. Miranda.

The Fifth Amendment to the United States Constitution affords criminal suspects the rights to be free from compulsory self-incrimination. Criminal suspects must have knowledge of their Fifth Amendment rights "before they can either intelligently exercise or waive these important privileges." United States v. Griffin, 922 F.2d 1343, 1356 (8th Cir. 1990). The United States Supreme Court held in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that any time a person is taken into custody for questioning they must be advised of their Fifth Amendment rights in order "to counteract the 'inherently compelling pressures' of custodial interrogation." Arizona v. Roberson, 486 U.S. 675, 681, 108 S.Ct. 2093, 2097, 100 L.Ed.2d 704 (1988). Miranda "requires that a warning as to the availability of the privilege against self-incrimination and to the assistance of counsel be issued *prior to questioning* whenever a suspect is (1) interrogated (2) while in custody." Griffin, 922 F.2d at 1347. There is no dispute here that White did not issue the standard Miranda warnings before the November 30, 2011, interview.

"Custody" for the purposes of a Miranda analysis "occurs either upon formal arrest or under *any other circumstances* where the suspect is deprived of his freedom of action in *any* significant way." Griffin, 922 F.2d at 1347. The Court must consider whether a reasonable person in defendant's position would have believed that his freedom of movement was limited by law enforcement officers to a degree associated with formal arrest. United States v. Bordeaux, 400 F.3d 548, 559-60 (8th Cir. 2005). The relevant inquiry is how a reasonable person would have understood his situation. United States v. Czichray, 378 F.3d 822, 826 (8th Cir. 2004). "In making that evaluation, we consider the totality of the circumstances that confronted the defendant at the time of questioning." Id.

The Eighth Circuit has held that "the relevant factors to be considered in making a determination of custody include an accused's freedom to leave the scene, and the purpose, place and length of the interrogation." Griffin, 922 F.2d at 1348. The Eighth

3

Circuit held in Griffin that "[t]he most obvious and effective means of demonstrating that a suspect has not been taken into custody . . . is for the police to inform the suspect that an arrest is not being made and that the suspect may terminate the interview at will." Griffin, 922 F.2d at 1349. The defendant was advised of his Griffin rights prior to the November 30, 2011, interview.

White's interview of the defendant on November 30, 2011, was not a custodial situation when viewed in light of those factors. The door to the vehicle was not locked to prevent him from leaving. The duration was not overly-long, lasting at most 38 minutes. Defendant knew he would not be arrested immediately following that interview. He was clearly not in custody on November 30, 2011, when he was interviewed by White. *See* United States v. Bordeaux, 400 F.3d 548, 559-60 (8th Cir. 2005) (interview in FBI Tahoe was noncustodial). Therefore, there was no requirement that White advise defendant of his Miranda rights to remain silent and to have an attorney present prior to taking statements from him.

### B. Voluntariness.

The Fifth Amendment prohibits authorities from "compelling" a person to give an incriminating statement. Therefore, "[v]oluntariness remains the standard for admissibility" of defendant's statements. United States v. Jorgensen, 871 F.2d 725, 729 (8th Cir. 1989). The Eighth Circuit has described this voluntariness inquiry as the "overborne will" doctrine. Jorgensen, 871 F.2d at 729. *See also* LeBrun, 363 F.3d at 725. Defendant contends that he was intoxicated on either alcohol or drugs at the time of both the November 30, 2011, and March 7, 2012, interviews. Simply because the defendant may have been under the influence of drugs or alcohol does not automatically render his confession involuntary. United States v. Howard, 532 F.3d 755, 763 (8th Cir. 2008). Defendant "must show his intoxication caused his will to be *overborn*." *Id.*

Officer white testified at the suppression hearing that the defendant did not exhibit any signs of intoxication or impairment during the interviews. The recordings of those

4

interviews, along with his December 28, 2011, statement to tribal police provides no evidence that the defendant was under the influence of either alcohol or drugs. Defendant offered no evidence that the defendant was intoxicated at the time of any interview. There is no evidence to support defendant's contention that his statements were involuntary.

I fully adopt the credibility decisions made by Judge Gerdes.

Based upon the foregoing,

IT IS ORDERED:

1. The defendant's objections, Doc. 218 in CR 12-10015 and Doc. 73 in CR 12-10039, to the magistrate's report and recommendation are overruled.

2. The report and recommendation, Doc. 211 in CR 12-10015 and Doc. 71 in CR 12-10039 is adopted.

3. The motions, Doc. 149 in CR 12-10015 and Doc. 39 in CR 10039, to suppress are denied.

Dated this 29th day of November, 2012.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY *Barbara J. Paepke*
　　　　　　DEPUTY
(SEAL)